UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES A. ROBINSON, JR., #11340-45,

    Petitioner,

v.

                                          CASE NO. 2:13-CV-12973
                                          HONORABLE GERSHWIN A. DRAIN

J.A. TERRIS,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING THE
PETITION FOR A WRIT OF HABEAS CORPUS</u>**

**I.    Introduction**

Federal prisoner James A. Robinson, Jr. ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that he is being held in violation of his constitutional rights. Petitioner states that he was convicted of murder in military court and sentenced to life imprisonment in 1983. His life sentence was reduced to 90 years imprisonment in 2001. He was transferred from military custody to the custody of the Federal Bureau of Prisons in 2005. On May 11, 2006, Petitioner appeared before the United States Parole Commission. Following that hearing, the Parole Commission gave him a presumptive parole date of May 8, 2015. Subsequent two-year reviews, including the latest one conducted in March, 2013, continued that presumptive parole date.

Petitioner dated his federal habeas petition on June 3, 2013 and it was filed with the Court on July 10, 2013. In his pleadings, Petitioner challenges the presumptive parole date set by the Parole Commission. He raises the following claim: "Parole Commission set a presumptive parole release date that exceeds my mandatory release date thereby causing

me to serve two years beyond my mandatory release date." Petition, pp. 5. 6.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such a review, the Court concludes that the petition must be denied.

**II.     Discussion**

Petitioner asserts that he is entitled to habeas relief because the United States Parole Commission has set a presumptive parole date that exceeds his maximum parole release date by two years. Petitioner cites 28 C.F.R. § 2.53 in support of his claim. That regulation provides in relevant part:

> A prisoner . . . serving a term or terms of five years or longer shall be released on parole after completion of two-thirds of each consecutive term or terms or after completion of thirty years of each term or terms of more than 45 years (including life terms), whichever comes earlier, unless pursuant to a hearing under this section, the Commission determines that there is a

> reasonable probability that the prisoner will commit any Federal, State, or local crime or that the prisoner has frequently or seriously violated the rules of the institution in which he is confined. If parole is denied pursuant to his section, such prisoner shall serve until the expiration of his sentence less good time.

28 C.F.R. § 2.53(a). The review procedure for the regulation further provides:

> Unless mandatory parole is ordered on the basis of the record review, the case should be placed on the next hearing docket for a Mandatory Parole Hearing. . . . If parole is not recommended following such hearing, the examiner panel may recommend any such action as may be appropriate.

Notes and Procedures, 2.53-01(b).

The mandatory parole regulation is derived from a repealed federal statute, 18 U.S.C. § 4206, which remains applicable to Petitioner based upon his offense date. The statute provides in relevant part:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: Provided, however, that the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

18 U.S.C. § 4206(d).

Petitioner essentially claims that he is entitled to mandatory parole after service of 30 years imprisonment on his 90-year sentence. Petitioner is mistaken. There is no federal constitutional right to parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). While the aforementioned statute and regulation provide for parole after 30 years imprisonment on sentences greater than 45 years, such eligibility for parole is not a guarantee of parole – and release is not automatic. *See, e.g., Johnson*

3

*v. United States Parole Comm'n,* 419 F. App'x. 438, 439 (5th Cir. 2011) (affirming denial of relief on federal prisoner's claim that he was entitled to release on parole after serving 30 years of his 99-year sentence despite his poor institutional record); *Jorgenson v. O'Brien*, No. 5:11cv174, 2012 WL 1565292, *9 (N.D. W.Va. March 19, 2012) (report and recommendation that habeas petition be denied); *Cota v. United States Parole Commission*, No. 07-cv-00841-WDM-CBS, 2008 WL 126609, *4-5 (D. Col. Jan. 9, 2008) (accepting magistrate judge's report and recommendation that habeas petition be denied). Rather, as the language of the statute and regulation indicate, the Parole Commission has the discretion to deny parole if it determines that a prisoner has a record of prison misconducts or is likely to commit a crime upon release.

In this case, the May 25, 2006 Notice of Action attached to Petitioner's habeas petition indicates that, following a May 11, 2006 hearing, the Parole Commission set a presumptive parole date for Petitioner of May 8, 2015 after service of 390 months (32 years 6 months). The Parole Commission did so based upon the violent nature of Petitioner's crime, his delusional disorder, his history of alcohol abuse, and his risk of re-offending upon release into the community. Subsequent reviews continued with the same assessment and presumptive parole date. The record thus reveals that the Parole Commission acted within its discretion under the applicable statutory and regulatory provisions in setting Petitioner's presumptive parole date. Petitioner is not entitled to automatic release upon serving 30 years imprisonment. Furthermore, he has received all the process he is due. Petitioner has failed to establish a violation of his federal constitutional or statutory rights. Habeas relief is not warranted.

**III.    Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claim and his petition must be denied.

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: July 25, 2013